# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PACKET INTELLIGENCE LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> NETSCOUT SYSTEMS, INC., § <br> TEKTRONIX COMMUNICATIONS, § <br> TEKTRONIX TEXAS, LLC, § <br> § <br> *Defendants*. § <br> § | CIVIL ACTION NO. 2:16-CV-00230-JRG |

## **FINAL JUDGMENT**

A jury trial commenced in this case on October 10, 2017 and evidence closed on October 13, 2017. (Dkt. Nos. 239-42.). Following submission of the evidence to the jury and while the jury deliberated, a bench trial was conducted as to the equitable issues and concluded on October 13, 2017. (Dkt. No. 242.) The jury returned a verdict on October 13, 2017, finding that Defendants NetScout Systems, Inc., Tektronix Communications, and Tektronix Texas, LLC (collectively "Defendant" or "NetScout") willfully infringed Claims 10 and 17 of U.S. Patent No. 6,665,725, Claims 1 and 5 of U.S. Patent No. 6,839,751, and Claims 19 and 20 of U.S. Patent No. 6,954,789 (collectively the "Asserted Claims"); that none of the Asserted Claims were invalid; and that Plaintiff Packet Intelligence LLC ("Plaintiff" or "Packet Intelligence") was entitled to damages in the amount of $5.75 million dollars as a running royalty. (Dkt. No. 237.)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, in accordance with the

jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Defendant NetScout has directly infringed the Asserted Claims.

2. The Asserted Claims are not invalid.

3. Plaintiff is hereby **AWARDED COMPENSATORY DAMAGES** against Defendant and shall accordingly have and recover from Defendant the sum of $5,750,000 U.S. Dollars.

4. Plaintiff Packet Intelligence is the prevailing party.

5. As explained in the concurrently issued Order on Plaintiff's Motion for Enhanced Damages and Entry of Judgment and pursuant to 35 U.S.C. § 284, Plaintiff is hereby **AWARDED ENHANCED DAMAGES** against Defendant and shall further have and recover from Defendant the sum of $2,800,000 U.S. Dollars.

6. As explained in the concurrently issued Order on Plaintiff's Motion for Pre- and Post-Judgment Interest and pursuant to 35 U.S.C. § 284, Plaintiff is **AWARDED PRE-JUDGMENT INTEREST** in the amount calculated at the five-year U.S. Treasury Bill rate, compounded monthly, adjusting the effective rate with each and every change in said five-year U.S. Treasury Bill rate from the date of first infringement.

7. As explained in the concurrently issued Order on Plaintiff's Motion for Pre- and Post-Judgment Interest and pursuant to 28 U.S.C. § 1961, the Court **AWARDS PLAINTIFF POST-JUDGMENT INTEREST** on all sums awarded herein, at the statutory rate, from the entry of this Final Judgment until paid.

8. As explained in the concurrently issued Order on Plaintiff's Motion for Enhanced Damages and Entry of Judgment and pursuant to 35 U.S.C. § 285, the Court finds the

case is **NOT EXCEPTIONAL.**

9. As explained in the concurrently issued Order on Plaintiff's Motion for Ongoing Royalty, **THE ONGOING ROYALTY RATE IN THIS CASE IS HEREBY SET AT 1.55%** of the revenue received by Defendant produced by the post-verdict infringing conduct (use, sales, offers for sale, or importation into the United States) of the accused G10 and GeoBlade products through the life of the asserted patents.

10. As reflected in the Court's previously issued Findings of Fact and Conclusions of Law (Dkt. No. 298), the Court concludes that Defendant has failed to show that the Asserted Claims are ineligible under § 101.

11. As explained in the concurrently issued Findings of Fact and Conclusions of Law, the Court concludes that Defendant has failed to show that the Asserted Claims are barred under the doctrines of either unclean hands or inequitable conduct, and accordingly the affirmative defenses of unclean hands and inequitable conduct are denied and dismissed.

12. All other relief requested by either party and not specifically awarded herein is **DENIED**. The Clerk is **DIRECTED TO CLOSE** the above referenced case.

**So ORDERED and SIGNED this 7th day of September, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE