IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PACKET INTELLIGENCE LLC,<br><br>   Plaintiff,<br> v.<br><br>NETSCOUT SYSTEMS, INC.,<br>TEKTRONIX COMMUNICATIONS, and<br>TEKTRONIX TEXAS, LLC<br><br>   Defendants. | Civil Action No. 2:16-CV-00230<br>(Lead Case) |

**JOINT STATUS REPORT FOLLOWING FEDERAL CIRCUIT APPEAL**

Plaintiff Packet Intelligence LLC ("PI") and Defendants NetScout Systems, Inc., Tektronix Communications, and Tektronix Texas, LLC (collectively, "NetScout") provide the following Joint Status Report following the resolution of appellate proceedings at the Federal Circuit[1]:

- On September 7, 2018, the Court entered Final Judgment awarding PI:

    (1) $5,750,000 in compensatory damages per the jury's verdict (Dkt. 237),

    (2) enhanced damages of $2,800,000, (3) pre-judgment interest calculated at the five-year U.S. Treasury Bill rate, compounded monthly, adjusting the effective rate with each and every change in said five-year U.S. Treasury Bill rate from the date of first infringement, (4) post-judgment interest on all sums awarded, at the statutory

---

[1] NetScout's position is that this Joint Status Report is not due until the conclusion of the parties' appeals, including petitions for *certiorari* to the Supreme Court (the filing deadline for which has not yet passed). Nonetheless, out of an abundance of caution, NetScout has cooperated in the preparation of this Joint Status Report.

rate, from the entry of Final Judgment until paid, (5) an on-going royalty rate of 1.55% of the revenue received by Defendant produced by the post-verdict infringing conduct (use, sales, offers for sale, or importation into the United States) of the accused G10 and GeoBlade products through the life of the asserted patents. (*See* Dkt. 307.) In addition, the Court awarded $135,906.20 in taxable costs. (*See* Dkt. 345.)

- On June 12, 2019, NetScout filed a Notice of Appeal with the Federal Circuit. (Dkt. 347.)

- On July 5, 2019, this Court granted Defendants' Unopposed Motion to Approve Supersedeas Bond and Stay Enforcement of Judgment. (Dkt. 351.)

- On July 14, 2020, the Federal Circuit issued its opinion related to NetScout's appeal holding that "the judgment of the district court is affirmed as to infringement, validity, and willfulness." *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1316 (Fed. Cir. 2020). (*See* Dkt. 352.) Judge Reyna dissented-in-part on that grounds that he "would vacate the district court's judgment of patent eligibility and remand for the court to make factual findings as to whether the components and operations actually recited in each claim amount to more than what was merely routine and conventional in the art." *Id.*

- The Federal Circuit further held that "[b]ecause the district court erred in denying NetScout's motion for judgment as a matter of law on pre-suit dam-ages, we reverse the district court's pre-suit damages award and vacate the court's enhancement of that award." (*Id.*)

- On September 14, 2020, NetScout filed a Petition for Panel Rehearing or Rehearing En Banc with the Federal Circuit concerning:

> (1) Must a party object to the admissibility of expert testimony that was immaterial in light of the court's claim construction order to preserve a challenge to the legal sufficiency of that testimony?
>
> (2) Must a company's highest-level executives personally study the asserted patents to avoid a finding of willful infringement?

- On the same day, PI also filed a Petition for Panel Rehearing or Rehearing En Banc concerning:

  > (1) Whether, as in *Arctic Cat*, remand—not reversal—is warranted, because the burden of proof applied on appeal shifted from what the parties understood below.
  >
  > (2) Whether an accused infringer's "initial burden of production" under *Arctic Cat* requires production of evidence that an allegedly unmarked article practices the invention, or is satisfied merely by asserting that an article is not properly marked.
  >
  > (3) Whether 35 U.S.C. §287(a) requires marking not only by a patentee and its agents, but also by mere licensees.

- On October 16, 2020, the Federal Circuit denied both PI's and NetScout's Petitions for Rehearing. (*See* Dkt. 356.)

Dated: October 30, 2020

/s/ Steven W. Hartsell
Paul J. Skiermont (Bar No. 24033073)
Sarah E. Spires (Bar No. 24083860)
Sadaf R. Abdullah (Bar No. 24093500)
Steven W. Hartsell (Bar No. 24040199)
Alexander E. Gasser (Bar No. 1022659WI)
**SKIERMONT DERBY LLP**
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Tel. (214) 978-6600
Fax (214) 978-6601
pskiermont@skiermontderby.com
sspires@skiermontderby.com
sabdullah@skiermontderby.com
shartsell@skiermontderby.com
agasser@skiermontderby.com

William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email : bdavis@bdavisfirm.com
*Counsel for Plaintiff*
*Packet Intelligence LLC*

Respectfully submitted,

/s/ Melissa Richards Smith
Eric Kraeutler (*pro hac vice*)
eric.kraeutler@morganlewis.com
Julie S. Goldemberg (*pro hac vice*)
julie.goldemberg@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: 1.215.963.4840
Facsimile: 1.215.963.5001

Michael J. Lyons (*pro hac vice*)
michael.lyons@morganlewis.com
Ahren Hsu-Hoffman
Texas State Bar No. 24053269
ahren.hsu-hoffman@morganlewis.com
Thomas Y. Nolan (*pro hac vice*)
thomas.nolan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: 1.650.843.4000
Facsimile: 1.650.843.4001

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Ave
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Netscout Systems, Inc.,*
*Tektronix Communications, and*
*Tektronix Texas, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), on this the 30th day of October, 2020.

/s/ *Steven W. Hartsell*
