IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PACKET INTELLIGENCE LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NETSCOUT SYSTEMS, INC., § <br> TEKTRONIX COMMUNICATIONS, and § <br> TEKTRONIX TEXAS, LLC, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:16-CV-00230-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court are (1) Packet Intelligence's Motion to be Confirmed as the Prevailing Party Under Federal Rule 54(d) and for Taxable Costs ("Plaintiff's Motion," Dkt. No. 436), and (2) Netscout's Motion for Bill of Costs ("Defendants' Motion," Dkt. No. 440).[1] In Plaintiff's Motion, Plaintiff Packet Intelligence LLC ("Plaintiff") requests the Court to confirm that it "is the prevailing party under Federal Rule of Civil Procedure 54(d) and award[] taxable costs in the amount previously agreed upon by the parties." (Dkt. No. 436 at 1.) In Defendants' Motion, Defendants NetScout Systems, Inc., Tektronix Communications, and Tektronix Texas, LLC, (collectively, "Defendants" or "Netscout," and with Plaintiff, the "Parties") request that the Court find Netscout to be the prevailing party and "award its bill of costs." (Dkt. No. 440 at 2–3.) For the following reasons, the Court finds that Plaintiff's Motion should be **DENIED** and that Defendants' Motion should be **GRANTED-IN-PART and DENIED-IN-PART**.

---

[1] Defendants NetScout Systems, Inc., Tektronix Communications, and Tektronix Texas, LLC previously filed a motion substantively identical to Defendants' Motion one day before they filed Defendants' Motion. The only difference between these filings is that the first motion lacked a certificate of conference. (Dkt. No. 437.) The Court finds that the substantively identical motion (Dkt. No. 437) lacking a certificate of conference should be and hereby is **DENIED AS MOOT**.

I.  **BACKGROUND**

On October 13, 2017, a jury returned a verdict in the above-captioned case finding that (1) Defendants willfully infringed the patents-in-suit, (2) Defendants had failed to prove by clear and convincing evidence that any of the asserted claims are invalid, and (3) Plaintiff proved by a preponderance of the evidence that it was entitled to damages. (Dkt. No. 237.) After post-trial briefing, the Court entered a Final Judgment on September 7, 2018 awarding Plaintiff compensatory damages, enhanced damages, ongoing royalties, and pre- and post-judgment interest. (Dkt. No. 307 at 2.) The Court further found that Plaintiff was the prevailing party. (*Id*.) The Court subsequently ordered entry of a Bill of Costs. (Dkt. No. 345.)

However, Defendants appealed the Final Judgment to the Court of Appeals for the Federal Circuit. On July 14, 2020, the Federal Circuit found that the Court "erred in denying NetScout's motion for judgment as a matter of law on pre-suit damages," but it affirmed the Court's Final Judgment "in all other respects." *Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1303 (Fed. Cir. 2020). The Federal Circuit therefore reversed the Court's pre-suit damages award, vacated the Court's enhancement of that award, and remanded the case for further proceedings. *Id*.

While the appeal was pending, third parties filed petitions for *inter partes* review ("IPR") at the Patent Trial and Appeal Board ("PTAB") challenging the asserted claims of the patents-in-suit. *Juniper Networks, Inc. v. Packet Intelligence LLC*, IPR2020-00339, Paper No. 3 (Feb. 4, 2020); *Juniper Networks, Inc. v. Packet Intelligence LLC*, IPR2020-00338, Paper No. 3 (Feb. 4, 2020); *Juniper Networks, Inc. v. Packet Intelligence LLC*, IPR2020-00336, Paper No. 3 (Feb. 4, 2020). The PTAB instituted each IPR and in September 2021, the PTAB issued Final Written Decisions ("FWD") finding all asserted claims unpatentable. (Dkt. No. 379.)

Before this Court on remand, the Parties briefed the effects of (1) the Federal Circuit's opinion on damages, and (2) the PTAB's FWDs in the above-captioned case. (Dkt. Nos. 367, 369, 372, 373, 375–378, 380–384, 387, 388.) The Court issued a memorandum opinion on the post-trial issues and entered an Amended Final Judgment on May 4, 2022 that accounted for the Federal Circuit's earlier decision but largely resembled the original Final Judgment. (Dkt. Nos. 396, 397.)

Once again, Defendants appealed to the Federal Circuit, challenging the Amended Final Judgment. While Defendants' second appeal in this action was pending before the Federal Circuit, Plaintiff had appealed the PTAB's FWDs. On May 2, 2024, the Federal Circuit issued two opinions addressing (1) Plaintiff's appeals of the FWDs, and (2) Defendants' second appeal in the above-captioned case. In the first opinion, the Federal Circuit affirmed the FWDs' findings that the asserted claims are unpatentable. *Packet Intelligence LLC v. Juniper Networks, Inc.*, Nos. 2022-1398, 2022-1400, 2022-1401, 2022-1403, 2022-1404, 2022-1405, 2022-1406, 2024 WL 1928029 (Fed. Cir. May 2, 2024). In the second opinion, the Federal Circuit (1) vacated this Court's Amended Final Judgment in view of the Federal Circuit's affirmance of the FWDs in the first opinion, and (2) "remand[ed] with instructions to dismiss the case as moot." *Packet Intelligence LLC v. NetScout Sys., Inc.*, 100 F.4th 1378, 1380 (Fed. Cir. 2024).

In view of the Federal Circuit's opinion, this Court dismissed the above-captioned case as moot on June 27, 2024. (Dkt. No. 433.)

## II.  LEGAL STANDARD

Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. PRO. 54(d)(1). In a patent case, the "designation of the 'prevailing party' for purposes of Rule 54(d) is governed by Federal Circuit law." *KKG, LLC v. Reynolds Consumer Prods. Inc.*, No.

3

2:11-cv-00012-JRG, 2013 WL 12147658, at *1 (E.D. Tex. Oct. 7, 2013). In identifying the prevailing party, a court must consider whether it has "effect[ed] or rebuff[ed] a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (quoting *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018)). While there is "a strong presumption" that the prevailing party will be awarded costs, a court may "exercise its discretion and refuse to award costs to the prevailing party." *Sheets v. Yamaha Motors Corp., USA*, 891 F.2d 533, 539 (5th Cir. 1990); *see also Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1106 (Fed. Cir. 2024) (finding that Fifth Circuit law applies to the question of whether a district court properly denied costs under Rule 54(d)).

### III.   ANALYSIS

#### A.  Plaintiff's Motion (Dkt. No. 436)

In Plaintiff's Motion, Plaintiff argues that it is the prevailing party due to the jury's verdict, this Court's rulings on post-trial motions, and the Federal Circuit's affirmance on almost all issues on appeal of the original Final Judgment. (Dkt. No. 436 at 4.) According to Plaintiff, the Federal Circuit affirmance finding Defendants liable for willful infringement "alone confirms that [Plaintiff] is the prevailing party." (*Id.*) Plaintiff further argues that the IPRs that invalidated Plaintiff's patents do not change this conclusion because they "were instigated by third parties, *not [Defendants]*." (*Id.* at 5.)

In the response, Defendants argue that Plaintiff "has not prevailed in this action as a matter of law because [Defendants] rebuffed all the claims, and [Plaintiff] received no relief on the merits." (Dkt. No. 443 at 2.) According to Defendants, Plaintiff's jury verdict and other rulings cannot support its contention that it is the prevailing party because Plaintiff has not "obtain[ed] any actual relief against [Defendants] that alters the legal relationship of the parties." (*Id.* at 3.)

4

Netscout further argues that under Federal Circuit precedent, *Netscout* is the prevailing party even though the IPRs were filed by a third-party because Netscout "obtained the outcome it sought— *i.e.*, dismissal of all of [Plaintiff's] claims—via the latest appeal to the Federal Circuit." (*Id*. at 3–4 (citing *B.E. Tech.*, 940 F.3d at 676).)[2]

### B. Defendants' Motion (Dkt. No. 440)

In Defendants' Motion, Defendants advance arguments substantially the same as those discussed above, *supra* § III.A. (Dkt. No. 440 at 1.) Netscout argues that because this Court dismissed the case as moot, "Plaintiff did not secure any of the relief it sought in the litigation," and Netscout is therefore "the prevailing party because it rebuffed Plaintiff's attempts to effect a material alteration in a legal relationship between the parties." (*Id*.)

In response, Plaintiff reiterates that Defendants are not the prevailing party because Defendants "lost all substantive issues on the merits" in this Court. (Dkt. No. 444 at 4–6.) Alternatively, Plaintiff argues that even if the Court determines that Netscout is the prevailing party, the Court should not award Defendants costs because of the above-captioned case's unique posture. (*Id*. at 6–8.)

### C. Netscout is the Prevailing Party

The Court finds that under Federal Circuit precedent, Netscout must be named the prevailing party. As Defendants argue, *B.E. Technology, L.L.C. v. Facebook, Inc.* is on point. In that case, the district court had stayed the case pending final disposition of IPR proceedings brought by defendant and other third parties. *B.E. Technology*, 940 F.3d at 676. The PTAB found all asserted claims unpatentable, and the Federal Circuit affirmed the PTAB on appeal of one of

---

[2] Plaintiff further filed Packet Intelligence's Reply in Support of Its Motion to be Confirmed as the Prevailing Party Under Federal Rule 54(d) and for Taxable Costs. (Dkt. No. 445.) The Court **STRIKES** this filing because Local Rule CV-54 allows parties to only file a motion and a response—it does not provide for reply and sur-reply briefs. For this reason, the Court also **STRIKES** Netscout's Reply in Support of Motion for Bill of Costs. (Dkt. No. 446.)

the third-party's IPRs. *Id*. The district court then dismissed the case as moot and found that defendant was the prevailing party. *Id*. at 667–677. Plaintiff appealed the district court's prevailing party ruling, but the Federal Circuit affirmed. *Id*. at 677–679. In its decision, the Federal Circuit held that defendant "obtained the outcome it sought via the mootness dismissal; it rebuffed [plaintiff's] attempt to alter the parties' legal relationship in an infringement suit. This is true even though the mootness decision was made possible by a winning battle on the merits before the PTO." *Id*. at 679.

Here, the Court dismissed this case as moot as directed by the Federal Circuit in view of the Federal Circuit's parallel affirmance of the third party FWDs. The facts that Plaintiff (1) prevailed *in this Court*, and (2) had its victories affirmed on appeal, are irrelevant for determining the prevailing party in this case in view of *B.E. Technology*. Instead, what matters is whether Plaintiff ultimately succeeded in its attempt to alter the Parties' legal relationship in this infringement suit. Plaintiff did not do so. Accordingly, Netscout is the prevailing party.

### D.  Defendants are Not Entitled to Costs Under Rule 54(d)(1)

However, Defendants are not necessarily entitled to costs under Rule 54(d)(1). Instead, "costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise." *See* Standing Order Regarding Bills of Costs; *see also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (holding that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs"). As another court in this district has stated, "[a]n award of costs . . . is not a matter of right; the district court may, in its discretion, refuse to tax costs in favor of the prevailing party." *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-00800-WCB, 2015 WL 4776501, at *1 (E.D. Tex. Aug. 13, 2015) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987)).

The Court finds that under these particular circumstances, Defendants are not entitled to costs under Rule 54(d)(1). This case presents a unique situation where Plaintiff prevailed on almost all substantive issues on the merits in this Court. The Federal Circuit further affirmed "(1) the jury's finding that NetScout willfully infringed the Asserted Patents, (2) the jury's decision that NetScout had failed to prove the Asserted Patents invalid, (3) the jury's award of post-suit compensatory damages, and (4) the post-suit portion of the Court's enhanced damages." (Dkt. No. 444 at 7.) However, Defendants are still technically the "prevailing party" because they benefitted from third parties' efforts to invalidate the asserted claims.

In this situation, the Court declines to award costs to Defendants for several related reasons. First, the IPR proceedings that invalidated the asserted claims were brought by third parties. Therefore, *Defendants* did not prevail at the PTAB—rather, they were unintended beneficiaries of third-party efforts to invalidate the asserted claims. Second, the jury found that Defendants failed to prove by clear and convincing evidence that the patents are invalid, and the Court entered an Amended Final Judgment to that effect. (Dkt. No. 397 at 2.) However, the PTAB applies the lower preponderance of the evidence standard to validity challenges. 35 U.S.C. § 316(e). Plaintiff successfully rebutted Defendants' validity attack in this Court under this Court's higher standard, while the third parties succeeded in invalidating the patents under the PTAB's lower standard. If not for the FWDs finding the claims invalid under the PTAB's lower standard, Plaintiff would have instead been the prevailing party in the above-captioned case. Third, Plaintiff prevailed on almost all substantive issues in this forum: the jury found the asserted claims willfully infringed, not invalid, and that damages were necessary to compensate Plaintiff for Defendants' willful infringement. All these findings were upheld on appeal. Defendants acted fully within their rights to continue challenging the verdict while the asserted claims were challenged at the PTAB.

However, the Court finds that under the facts here, where Defendants continually took steps to extend and delay the above-captioned case while third parties successfully argued to an administrative agency—which applies a lower standard of proof—that the asserted claims are invalid, Defendants should not receive costs.

## IV.   CONCLUSION

For the reasons noted above, Plaintiff's Motion is **DENIED**. Defendants' Motion is **GRANTED** insofar as Netscout requests the Court to find it is the prevailing party, but Defendants' Motion is **DENIED** with respect to all other requests for relief, including Netscout's request for a monetary award of costs. Each party shall bear its own costs herein.

**So ORDERED and SIGNED this 16th day of October, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE